## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.    CATHRYN BOYDSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-15- 1343-D |
| ) | |
| 1.    DAVID STANLEY AUTO GROUP, ) | |
| ) | JURY TRIAL DEMANDED |
| and ) | ATTORNEY LIEN CLAIMED |
| ) | |
| 2.    DAVID STANLEY DODGE, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

## PARTIES

1.    The Plaintiff is Cathryn Boydston, an adult resident of Oklahoma County, Oklahoma.

2.    The Defendants are David Stanley Auto Group (hereinafter "Auto Group") and David Stanley Dodge, L.L.C. (hereinafter "Dodge"), both companies doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiff's claims are for gender discrimination, including the creation of a sexually hostile working environment, and retaliation after Plaintiff complained of and opposed such harassment, in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act.  Plaintiff also asserts claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206, 215, *inter alia*, and Oklahoma's Protection of Labor Act ("OPLA"), 40 O.S. §§ 165.1, *et seq*., for failure to pay wages; and for retaliation after Plaintiff complained of unpaid wages in violation of the FLSA and Oklahoma's public policy as set out in statutes and other legal authority including the OPLA and ***Reynolds v. Avance Alarms, Inc.***, 232 P.3d 907, 2009 OK 97.  Jurisdiction over the federal claims are vested in this Court under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.  Because the state law claims arise out of the same core of

facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. Most of the actions complained of occurred in Oklahoma County, Oklahoma. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 216 and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendants separately and/or jointly employed more than fifteen employees during at least twenty (20) weeks of each of the current and proceeding calendar years. Accordingly, the Defendants are a covered employer under Title VII. There is no minimum employee requirement to be a covered employer under the OADA or the OPLA.

6. Defendant Dodge represents to the Internal Revenue Service (IRS) that it is Plaintiff's employer by identifying itself as the employer on Plaintiff's W-2 forms. Defendant Auto Group provides the policies, including anti-discrimination policies and procedures used by the Defendant Dodge and for which the Plaintiff is required to comply. To Plaintiff's knowledge and believe, both Defendants supervised the Plaintiff and controlled Plaintiff's job duties, functions and responsibilities. The Defendants are jointly and/or severally liable for the claims herein as joint employers and/or an integrated enterprise.

7. Plaintiff began working for the Defendants around April, 2013 under the title of New Internet Sales Manager.

8. Plaintiff was qualified for her job and performed her job satisfactorily.

9. During Plaintiff's employment she was subjected to sexual harassment including (but not limited to) on a near daily basis, Chris Forsythe[1] (Manager, Plaintiff's supervisor) would make crude, sexually derogatory comments to Plaintiff and other women

---

[1] Spelling of names is approximate based on Plaintiff's current knowledge.

including:

    A.    Calling them "whiny b*tches"

    B.    Describing the various physical differences of female anatomy, including breasts;

    C.    Talking about a desire to have intercourse with cats.

10.    The comments above, and the additional sexually harassing comments and conduct, were both subjectively offensive and offensive to the Plaintiff.

11.    Plaintiff complained of the sexual harassment to Defendants' Human Resources department. However, no investigation was conducted, no remedial action was taken, and the harassment continued.

12.    The Plaintiff's regular rate of pay consisted of a combination of salary and commissions.

13.    On at least four occasions between about May and July of 2013, the Defendants failed to pay the Plaintiff the commissions she was owed. Instead, the Defendant gave the commissions earned by the Plaintiff to male salespersons.

14.    Around May 30, 2013, again in June, 2013 and most recently in mid-July, 2013, Plaintiff complained that she was owed and that her commissions were being given to male employees. Plaintiff explained that she believed this was being done because she was a female. Plaintiff made these reports to multiple people, including Sherri Andreas (Human Resources), Chris Forsythe (Supervisor).

15.    Around July 19, 2013 Mr. Forsythe cursed at that Plaintiff, including telling her to "get the f*ck" out" of a meeting.

16.    Plaintiff (again) reported Mr. Forsythe's hostile conduct to Sherri Andreas. In response, Ms. Andreas sent the Plaintiff home where she was unable to sell cars, thus depriving Plaintiff of the opportunity to earn commissions.

17.    Around July 22, 2013 Defendants demoted the Plaintiff to a job position which was significantly less in pay, status and duties. Additionally, the Defendants never

stopped the sexual harassment.

18. As a result of the continued sexual harassment and retaliation (including Mr. Forsythe's screaming and cursing at the Plaintiff and the demotion), the Plaintiff had no choice but to resign her employment. Accordingly, the Plaintiff was constructively discharged around July 22, 2013.

19. As a result of the conduct of the Defendants, including the constructive discharge of the Plaintiff, the Plaintiff has suffered (and continues to suffer) lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional/dignitary harm including worry, frustration and similar unpleasant emotions.

20. At the least, Defendants were motivated to terminate the Plaintiff by the Plaintiff's gender, (including her complaints of gender discrimination) and/or her complaints of unpaid wages.

21. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on January 17, 2014. The EEOC issued Plaintiff a right to sue letter on September 17, 2015 and the Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter. There is no exhaustion requirement under the Oklahoma Protection of Labor Act or the FLSA.

## COUNT I

Plaintiff incorporates the above allegations and further alleges:

22. Gender discrimination, including the creation of a sexually hostile working environment, and retaliation after Plaintiff complained of such harassment and discrimination, violates Title VII and the OADA.

23. Under this Count Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorneys' fees and costs.

24.    Plaintiff is entitled to liquidated damages under the OPLA.

25.    Because the actions of the Defendants were willful or, at the least, in reckless disregard of Plaintiff's rights, she is entitled to an award of punitive damages under Title VII.

**COUNT II**

Plaintiff incorporates the above allegations and further alleges:

26.    Failure to pay wages, including overtime wages, violates the Fair Labor Standards Act, 29 U.S.C. §§ 203, 206-207, *inter alia* and Oklahoma's Protection of Labor Act, 40 O.S. §§165.1, *et seq*.

27.    Under this count Plaintiff is entitled to her unpaid wages, liquidated damages and attorneys' fees and costs.

28.    The Defendants' conduct was willful in that the Defendants deliberately withheld wages and such withholding was not made in good faith and was willful as defined by the FLSA.

**COUNT III**

Plaintiff incorporates the above allegations and further alleges:

29.    Retaliation, including termination, after Plaintiff complained of unpaid wages violates the FLSA and Oklahoma's public policy as set out in the OPLA and ***Reynolds v. Avance Alarms, Inc.***, 232 P.3d 907, 2009 OK 97.

30.    Under the FLSA, Plaintiff is entitled to compensation for her lost wages and liquidated damages.

31.    Under the OPLA, Plaintiff is entitled to her lost wages, emotional distress damages, and punitive damages (because the Defendants' conduct was willful or, at the least, in reckless disregard of her state rights).

32.    Plaintiff is also entitled to an award of punitive damages.

**WHEREFORE,** Plaintiff prays that she be granted judgment in her favor and against the Defendant on all of her claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 10th DAY OF DECEMBER, 2015**.

HAMMONS, GOWENS, HURST,
& ASSOCIATES

s / Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED